O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL LUIS VALADEZ,<br><br>           Petitioner,<br><br>    v.<br><br>CYNTHIA Y. TAMPKINS,<br>Warden,<br><br>           Respondent. | Case No. CV 15-3976-JGB (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, First Amended Petition, records on file, and Magistrate Judge's June 14, 2016 Report and Recommendation and October 31, 2019 Supplemental Report and Recommendation, both of which recommend that judgment be entered denying the Petition and FAP and dismissing this action with prejudice.

On July 11, 2016, Petitioner filed Objections to the original R. & R., after which the Magistrate Judge stayed this case to allow him to exhaust in state court a claim based on People v. Sanchez, 63 Cal. 4th 665, 686 (2016) (holding that "case-specific out-of-court statements" relied on by prosecution gang expert are inadmissible hearsay under California law and may

1

also be testimonial and violate defendant's Sixth Amendment right to confrontation). After exhausting the claim Petitioner moved for leave to file a First Amended Petition, and in the Supplemental R. & R. the Magistrate Judge granted the motion but recommended that the FAP be denied on its merits. On December 11, 2019, Petitioner filed Objections to the Supplemental R. & R., in which he mostly simply repeats arguments from the Petition, the FAP, his Reply in support of his motion for leave to amend, and his Objections to the June 14, 2016 R. & R.

Petitioner continues to argue alternative interpretations of the evidence to claim that he is actually innocent (and that the evidence was insufficient to convict him). But as he concedes, he has so argued "throughout these proceedings," including to the jury. (Dec. 11, 2019 Objs. at 7.) The June 14, 2016 R. &. R. already thoroughly considered and appropriately rejected the argument that the evidence was insufficient because he was in rival gang territory the night of the crimes merely "to help his father," whom he visited "on a fairly regular basis," with some cleaning. (Id. at 3; June 14, 2016 R. & R. at 16, 49-53; see also Oct. 31, 2019 Suppl. R. & R. at 5-7 (recommending rejection of FAP's identical actual-innocence claim).)

In addition, Petitioner continues to rely on People v. Sanchez, 63 Cal. App. 4th 665, 686 (2016) (Dec. 11, 2019 Objs. at 6-7), even though it is not clearly established law for purposes of federal habeas review, as explained to him in the Supplemental R. & R. (Oct. 31, 2019 Suppl. R. &. R. at 13-14). In any event, as the Magistrate Judge correctly noted, the prosecution's gang expert did not rely on case-specific hearsay, and any error was

harmless. (<u>Id.</u> at 14-17.) Thus, the superior court was not objectively unreasonable in rejecting Petitioner's <u>Sanchez</u> and Confrontation Clause claim.

Having reviewed de novo those portions of the R. & Rs. to which Petitioner has objected, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered denying the Petition and FAP and dismissing this action with prejudice.

DATED: January 16, 2020

JESUS G. BERNAL
U.S. DISTRICT JUDGE